## Eagle *against* Eichelberger.

6 w 29
137 228

In order to vest a title in the purchaser, to goods purchased in a retail store, it is necessary that they should be separated from the bulk of the other goods, and possession should be delivered with as little delay as is consistent with the nature of the articles purchased; otherwise, the transaction is fraudulent as to creditors, and the goods may be taken in execution as the property of the vendor.

ERROR to the common pleas of *York* county.

This was an action of trespass, by Dominick Eagle against Adam Eichelberger, sheriff of York county, for levying and selling certain personal property, which he alleged to be his, upon an execution against C. F. Laise.

The goods levied were in the store of Laise, and had been purchased by Eagle, the plaintiff, and the question was, whether the sale was fraudulent as to creditors, which depended upon parol testimony, of which the portion following is material.

John Eagle, sworn.—I was present when my brother purchased the articles. They were to be purchased and to be delivered in a day or two; the goods were set aside; the baskets were set aside by themselves; the flaxseed remained in barrels, as it had previously been put up; the rags were left, not removed from their place. Laise promised to send the articles over, the first time his boat should go over, which would be in a few days. The leather mentioned in the bill, was sent over the next day in his boat. The other articles remained. My brother also bought a piece of linen, which he took home with him. He had been in the habit of buying goods in that way of Laise, to be sent over afterwards by him. They lived about three or four miles apart; their stores are that

distance. Laise kept a boat for carrying goods and passengers across the river. My brother lives in Columbia, Lancaster county, and Laise lives in York county. Laise keeps a store. Sale to my brother on Monday, the 4th of August 1834. Laise agreed to let him have the baskets at a certain price, and they were then counted, and moved so far as was necessary for the purpose of counting, but remained in the same room where there were many goods. The first time Laise's boat went to Columbia he was to send the goods; that was to be on Wednesday or Thursday. I saw no money paid, saw no bill, but saw Laise charge them in the book. My brother assisted in counting and moving the baskets.

C. F. Laise, sworn.—This bill I made after Mr. Eagle had gone; I had charged him in the book. On the 4th of August, Eagle was at my store, and I sold him the goods mentioned in this bill. Our agreement was, that I should send the leather to his brother's tannery, in Washington, the first time I went there with my boat. The other articles I was to send to Columbia on the next Thursday, when my boat was going there with bark. He took with him a piece of linen. The baskets were counted off, all that I had. The flaxseed was in barrels, I showed him the quality of it, and he agreed to take it also. The rags were on the upper floor; he examined them, and agreed to take them also. I was indebted to Eagle; do not know when the bill was given to him. It was after the levy that I sent the bill to Eagle. Eagle was entitled to take the goods at any moment, but he could not conveniently take them before. He said he could not take them then; that I should send them in that way. I kept a boat for conveying goods, &c., to Columbia and Washington. I was not at home when the sheriff made the levy. Next day when he came to move them I told him that the goods in the bill A. belonged to Eagle, and that he would sue him if he took them away. I charged the goods and agreed to send them as I was in the habit of doing with others. The rags lay in a pile, on the upper floor, where I put them as I bought them by the pound. I do not know how much there was, but he agreed to take them at 600 weight. I bought the flaxseed in several lots; he agreed to take it at 15 bushels; he was to measure it when he got it home. I gave him the privilege of measuring it; there was nothing said about weighing the rags; it was the first lot I ever sold. Eagle came between nine and ten o'clock; he was never there before. The goods were mine to sell as my other goods. I told him I had these things to sell. I think I owed Eagle more than the goods came to. I sold goods to Rumple and Myers shortly before the levy; 15 dollars worth to Rumple, 30 dollars worth to Myers, on debts I owed them. Mr. Burg bought some on the 5th, in my absence, which he returned to the sheriff. I was indebted to Burg.

The court below (Durkee, president) was of opinion, that whatever may have been the intention of the parties, the transaction

was fraudulent in law, if the goods were suffered to remain in the possession of the vendor longer than was consistent with the nature of the articles purchased, and convenience in removing them.

Verdict for defendant.

*R. J. Fisher*, for plaintiff in error, cited 10 *Serg. & Rawle* 202, 419; 14 *Serg. & Rawle* 214; 5 *Serg. & Rawle* 279; *Prec. Ch.* 285; 3 *Bos. & Pul.* 583; 3 *Starkie* 148; 2 *T. Rep.* 596; *Cowp.* 434; 1 *Ld. Ray.* 286.

*Mayer* and *Evans*, contra, cited 4 *Rawle* 260; 7 *Wend.* 404; 1 *Serg. & Rawle* 101.

PER CURIAM.—The law of the case is settled, as far as it can be so, by judicial decision; and it would be mischievous to disturb it. The direction was accordant to the principles heretofore laid down, and we perceive no error. In respect to the flaxseed, the sale was conclusively fraudulent. It was not purchased as of any particular quantity, but was to be measured when received at Columbia; and, as the plaintiff was to pay only for what he should get, what was there in the bargain to prevent the vendor, in the mean time, from selling at least a part of it to his customers? With the fairest intentions on the part of the plaintiff, the sale might have been used as a cover. In fact, it appears to have been incomplete even between the parties, and to have been no more than a contract to sell. But it is also a strong feature that the goods were not separated from the bulk of the others in the store. A man who pays for a coat pattern, acquires no property in the piece before his part is measured and cut off. Necessity requires that these incomplete sales by retail storekeepers, be strictly construed; for it would lead to great abuse if their customers were liable to be prejudiced by the negligence of those who preceded them.

Judgment affirmed.